# Fahs *against* Fahs.

A testator charged upon a part of his real estate devised to his son, the sum of fifteen hundred dollars, the interest of which he directed should be paid to his widow during her widowhood. This bequest was sanctioned by the heirs and widow, by an agreement executed after the death of the testator. *Held*, that upon the marriage of the widow, the fifteen hundred dollars was recoverable from the devisee by the executors for distribution under the will.

ERROR to the common pleas of *York* county.

Peter Shultz and Jacob Smyser, executors of John Fahs, deceased, against Samuel Fahs.

Case stated as a special verdict.

John Fahs, the testator, died September 5th, 1834.

Catharine Fahs, widow of the testator, survived him, and entered into an agreement in writing with the plaintiffs, with consent of the devisees, accepting certain benefits and moneys in lieu of the provisions of the will, and in consideration thereof, released her dower in the lands. Such agreement and release, dated the 14th of March 1835.

On the 24th of September 1835, Catharine Fahs, the widow, was married to Jacob Trostle, and is still living. The said will, probate, and letters testamentary, with the said agreement and release are considered as a part of the case.

The object of this suit is to ascertain, whether the defendant is, at this time, liable to pay the sum of 1500 dollars mentioned in the will, to be retained on interest for the use of the widow, and

2. Whether the defendant is liable to pay interest on the sum of 1500 dollars mentioned in the will, to be retained on interest for the use of the widow, from the time of her intermarriage with Jacob Trostle, until the principal becomes payable.

If the defendant is liable to pay the sum of 1500 dollars, then judgment to be entered for said sum and costs. If the defendant is liable to pay interest only, then judgment to be entered for 90 dollars and costs.

If the principal and interest are both to be paid, then judgment to be entered for 1590 dollars and costs.

If the defendant is not liable to pay either principal or interest, then judgment for the defendant.

Will.—" I, John Fahs, of Buttstown, York county, and state of Pennsylvania, being sick and weak in body, but of sound mind and memory, blessed be God for the same, do make and publish, this, my last will and testament, in manner and form following: That is to say, first I commit my soul into the hands of Almighty God, who gave it, and my body I recommend to the earth, to be interred in a Christian-like and decent manner, at the discretion of my executor hereinafter named, and as touching such, my worldly estate, wherewith it hath pleased God to bless me with in this life, I give, devise, and dispose of the same in manner and form following. *Imprimis.* It is my will, and I do order, that all my just debts and funeral charges shall be first paid, and satisfied by my executors hereafter named, as soon as conveniently may be after my decease.

" *Item.* I give and bequeath to my beloved wife Catharine, the two story log house and lot of ground, with all the buildings thereon, situated in Buttstown, West Manchester township, adjoining widow Peiffer and Mr Connellee's property, during her widowhood, to be put in repair out of my estate. I further will and bequeath to my wife Catharine, the interest of 1500 dollars, to be paid to her in semi-annual payments of 45 dollars each; and I furthermore, give and bequeath to my said wife, one stove and pipe, now in use in my house, one wood chest and water tub, and all household furniture, which she may have brought with her at her marriage, and which may be in use in my house at my death. And further, she shall be entitled to 20 dollars worth of household furniture at the appraisement of my personal property, such as she shall choose, all given to her during her widowhood; at the death of my widow, all property willed to her, shall revert to my estate.

" *Item.* I give and bequeath to my son John, and his heirs forever, the plantation on which he now lives, containing one hundred and forty-three acres more or less, situated in West Manchester township, York county, and also, the half of sixteen acres more or less of woodland, situated in York township, same county, adjoining Shanks, Conn, and others, at the valuation of 11,000 dollars, 4000 dollars of which he has already paid to my son Samuel, viz: 3000 dollars in cash, and 1000 dollars included in a bond, which he gave to Samuel for 1500 dollars; 4000 dollars more of the said 11,000 dollars John shall retain towards his share of my estate,

[Fahs v. Fahs.]

and the remaining 3000 dollars he shall pay to my executors, in six annual payments of 500 dollars each, without interest.

" *Item.* I give and bequeath to my son Daniel, and to his heirs forever, the plantation known by the name of Rentzel place, situated in Paradise township, York county, to be valued at 4000 dollars, towards his share of my estate.

" *Item.* I give and bequeath to my daughter Elizabeth, and her heirs forever, the plantation containing one hundred and fifty-four acres more or less, in Paradise township, upon which her husband Daniel Dinkle now lives, as her part of my estate; the barn on said property shall have a new roof, pine shingles, the expense to be paid out of my estate. The said Daniel Dinkle shall continue to farm the plantation, as long as he keeps it in good repair, and maintains his family out of the same, and treats them well, of all which my executors shall judge, if not my executors shall rent the plantation on terms most advantageous, the proceeds of which shall be applied to the support of my daughter and her children, until her two eldest sons are of age, when they shall conduct the farm, and the proceeds shall be applied to the support of my daughter Elizabeth and her family. No more wood shall be cut than is necessary for the repairs of the buildings, mending and making fences, and firewood for the family on the farm. Should my daughter die before her husband, the said Daniel Dinkle, he being in possession of the farm at her death, and he continue to provide well for the children he has had by my daughter, or shall have, he shall continue to farm the same until his youngest son is of age, and then, if he have no other way to live, his children shall maintain him upon the farm in a suitable and proper manner; he shall eat at their table, have good common clothing, and a small room, with sufficient firewood in the house; I further give to my daughter Elizabeth, my corner cupboard with its usual contents, except such as has been heretofore given to my wife, and any one room carpet she may select. Nothing in my will shall be construed to give Daniel Dinkle any estate, that can in any way be transferred to him or his creditors; in the event of any such transfer or attempted transfer all the privileges herein given said Daniel, shall cease and be forfeited; and the whole devise enure to the exclusive and separate benefit of my daughter and her children.

" *Item.* I give and bequeath to my son Samuel, the use of my plantation, consisting of sixty acres more or less, situated in West Manchester township, to have and to hold during his life; he paying to the widow the interest of 1500 dollars above mentioned out of he said sixty acres; also I give and bequeath the use of my two houses and lots in Buttstown, adjoining each other, also theone-half of my woodland in York township, aforementioned, tom son Samuel, to have and to hold the same during his life; shouldmy son Samuel marry and have heirs, then the above sixty acre of and, houses, lots, and woodland mentioned, shall belong to such

heirs absolutely and forever, all abovementioned sixty acres of land, houses, lots, and woodland, shall constitute one devise, and to be together subject to the payment of the 1500 dollars abovementioned, and the interest thereof, annually to the widow. The whole to be valued at 7000 dollars, 4000 whereof, the said Samuel shall retain towards his share of my estate, 1500 dollars thereof he shall pay to my executors in three annual payments of 500 dollars each, and the remainder 1500 shall abide the death of the widow as aforesaid, and be a charge on the land.    In this devise, my will and meaning is, and I so direct, that if my executors shall at any time think, that Samuel does not manage and conduct the property advantageously, they shall lease, or rent the same to the best advantage, and after paying the widow her interest, pay, or apply the proceeds to the support and maintenance of Samuel.    Should my son Samuel die without issue, then the whole to revert to my other children in equal proportions and parts, the portions to go to my sons absolutely, and the share or portion coming to my daughter Elizabeth, shall be put out at interest by my executors, which interest my daughter shall separately receive during her life, and at her death, the whole to be paid to her children, their guardian or guardians, who shall give security upon the receipt of the funds.    Finally, that all the residue of my property shall be disposed of by my executors, and the proceeds, together with the money received from John and Samuel, after paying my debts, funeral expenses, &c., shall be equally divided between my sons John, Daniel, and Samuel in equal parts, the part or share coming to Samuel to be put out at interest during his life, the interest to be applied to his support and maintenance, and if he should have children, then at his death, the whole to be paid to them if of age, and to the guardians of such as may be under age; but if he should die without children, then his share to be divided and disposed of, as I have heretofore disposed of his real estate; at the death of my widow, the property in her use, shall be disposed of and collected by my executors, including the 1500 dollars charged on Samuel's devise, and be equally divided amongst my four children, share and share alike.    Lastly, I do hereby nominate, and appoint my friends, Peter Shultz and Jacob Smyser, of West Manchester township, the executors of this, my will and testament, and I do hereby revoke, disannul and make void all former wills by me heretofore made, ratifying, allowing this, and no other, to be my last will and testament.    In witness whereof, I, the said John Fahs, the testator, have hereunto set my hand and seal, this 3d of September 1834."

Catharine Fahs, widow, to the heirs of John Fahs.   " Know all men by these presents, that I, Catharine Fahs, widow of John Fahs, late of Buttstown, deceased, in consideration of one dollar, and the several benefits and provisions granted to me by agreement, made this day, by the executors and heirs of said deceased,

[Fahs v. Fahs.]

do hereby agree to accept of said benefits, provisions and privileges, so provided and granted, in lieu of the provisions and benefits given by said deceased's will, and in full satisfaction thereof, and I do farther release unto John Fahs, Daniel Fahs and Samuel Fahs, their heirs and assigns, all right, title, claim of dower, in any part of the real estate of said deceased, and also to Elizabeth Dinkle and Daniel Dinkle, and their heirs, all right and claim of dower to the lands devised to them, and I further relinquish all claim of dower in any part or portion of the said deceased's estate.　In witness whereof, I hereto set my hand (*hand*) and seal, this 14th of March, 1835."

Catharine Fahs and the heirs and executors of John Fahs, deceased.　Articles of agreement made this day, between the executors of John Fahs, late of West Manchester township, York county, deceased, with the general consent of the children and devisees, as follows:

" The widow not being fully satisfied with the provisions of the will of the deceased, the following agreement for compromising all disputes, and making an amicable adjustment of all difficulties, has been agreed on, that is to say, the executors, Peter Shultz and Jacob Smyser, agree to pay to Catharine, the widow of the deceased, 100 dollars in cash, on the 1st day of April next, and 100 dollars more in one year thereafter, without interest.　They further agree to pay to her, the interest of 1500 dollars, half yearly during her widowhood, out of said estate, they further agree to give and deliver unto the said widow, all the following furniture to be hers, absolutely at her own disposal and entire control, without being affected by the will, that is to say, the stove and pipe now in use in deceased's house, one wood chest, one water tub, and all household furniture which she brought to the said deceased at her marriage, and in use at his death, and also 20 dollars worth of household furniture at the appraisement taken by her; it is further agreed, that the said widow shall hold and enjoy during her widowhood the two story log house and lot of ground in Buttstown, adjoining widow Peiffer and others, to be put in repair out of the estate.　And it is hereby covenanted and agreed, as well by the said executors, as by the several devisees of the real estate of said deceased, jointly and severally to secure and guarantee to the said widow, all and singular, the benefits, provisions, articles and rights before specified and mentioned in manner, and during the terms as described, and in consideration thereof, the said widow agrees to accept thereof, and to release unto the several devisees, John, Daniel, and Samuel Fahs, and Elizabeth Dinkle, their heirs and assigns, all right or claim of dower, in any part of the lands or real estate of the deceased.

In witness whereof, the said parties, executors and devisees, have hereunto set their hands and seals, this 14th day of March 1835.　The said widow having released by separate deed.　Peter

Shultz, [L. s.] Jacob Smyser, [L. s.] John Fahs [L. s.] Daniel Fahs, [L. s.] Samuel Fahs, [L. s..]"

The court below rendered a judgment for the defendant.

*Ramsey* and *Barnitz*, for plaintiff in error.
*Hambly*, for defendant in error.

The opinion of the Court was delivered by

ROGERS, J.—The general intention of the testator, which the court is not at liberty to disregard, clearly was, to give to John,. Daniel and Samuel, an equal share of his estate. The testator devises to his three sons above named, certain real estate described in his will, which he values at certain sums, and directs that 4000 dollars of the valuation, should be retained as the share of each. As a provision for his wife Catharine, the testator, among other things, bequeaths the interest of 1500 dollars, to be paid to her semi-annually, during widowhood, which sum was also secured to her by the heirs, on the same terms, as in the article of agreement which forms part of this case. He makes the 1500 dollars a charge on the real estate devised to Samuel, and directs that the interest of that sum, shall be paid by him to the widow. The widow having married, it is conceded that she has no claim, and the question is, whether Samuel is liable to the executors for the 1500 dollars, or the interest, until her death. If we adopt the construction contended for by the plaintiffs in error, it is plain, we destroy the equality which the testator designed between his three sons; for as no definite limit can be put to the life of Catharine, the widow, it results that during her life, Samuel will have that much more of the estate than his brothers, John and Daniel. The testator directs, that the property of all description willed to the widow, shall be collected and disposed of by the executors, and be equally divided among his four children, still keeping up the equality among his three sons. It is conceded, that on the marriage of the widow, her right to the property devised to her ceased, and it is asked, what become of the household property bequeathed to her during the intermediate time, between her marriage and death. We cannot believe that the testator intended that it should remain without any determinate owner, and yet the argument which applies to the interest on the principal sum of 1500 dollars, applies with equal force to the articles of household furniture. We think it clear, that the testator intended that on the happening of either her marriage or death, it should be the duty of his executors to collect the funds, and distribute them among his four children, John, Daniel, Samuel and Elizabeth. We are frequently obliged to disregard the words of a testator, to carry into effect his general intention, and we think this can only be done in the case before us, by the construction given.

Judgment for 1500 dollars and costs.